[S. F. No. 1149. In Bank.—June 24, 1898.]

H. N. MINER, Petitioner, v. JUSTICE'S COURT OF THE TOWN OF BERKELEY, and W. H. H. GENTRY, Justice of the Peace, Respondents.

JUSTICES' COURT—BERKELEY—EFFECT OF FREEHOLDERS' CHARTER ON EXIST-ING COURTS—PROVISION FOR NEW COURTS.—The justices' court of the town of Berkeley, created by the act of April 1, 1878, incorporating the town, ceased to exist, and the provisions of the act providing for the election and duties of justices of the peace and defining their jurisdiction, became abolished, under section 8 of article XI of the constitution, upon the approval by the legislature, on March 5, 1895, of the freeholders' charter adopted by the town on February 26, 1895; and the provisions in that charter for the creation of a justice's court in the town, and the election of justices therefor, was ineffect-ive, upon the authority of *People v. Toal,* 85 Cal. 333.

ID.—SPECIAL ACT CREATING COURT—CONSTITUTIONAL LAW.—The act of March 27, 1895, purporting to create a justice's court solely for the town of Berkeley is special and local legislation, within the prohibi-tion of the constitution, and therefore void.

APPLICATION for a writ of mandate to the Justice's Court of the Town of Berkeley. W. H. H. Gentry, Justice of the Peace.

The facts are stated in the opinion of the court.

Robert Y. Hayne, and Brewton A. Hayne, for Petitioner.

M. C. Chapman, for Respondents.

HARRISON, J.—Application for a writ of mandate. The petitioner seeks by this writ a direction to the respondents commanding the said Gentry to issue an execution upon a judgment alleged to have been recovered by the petitioner against A. M. Niver in the justice's court for the town of Berkeley, July 20, 1897, on an action commenced therein July 9, 1897. The question presented for determination is whether the justice's court for the town of Berkeley was in existence at the time the plaintiff commenced the action against Niver, or subsequent thereto, and this involves a consideration of the effect of the adoption of a freeholders' charter upon the previous charter of the town.

The town of Berkeley was incorporated by an act of the legislature passed April 1, 1878. (Stats. 1878, p. 888.) Section 3

of this act declares:  "The government of said town shall be vested in a board of trustees, to consist of five members, an assessor, a marshal, who shall be *ex officio* tax collector, a clerk, a treasurer, two justices of the peace, and two constables."  Provision is made in other sections for the election and duties of justices of the peace and defining their jurisdiction.

February 26, 1895, the electors of the town of Berkeley adopted a charter, which had been prepared by a board of freeholders chosen therefor under the provisions of section 8, article XI, of the constitution, and a resolution approving this charter was passed by the legislature March 5, 1895. (Stats. 1895, p. 409.) Section 76 of this charter declares:  "The judicial power of the town shall be vested in two justice's courts, and such other courts as may be provided by law."  The election and jurisdiction of justices of the peace is provided for in other sections.

March 27, 1895, the legislature passed an act entitled, "An act to create a court in and for the town of Berkeley, state of California."  (Stats. 1895, p. 205.)  Section 1 of this act is as follows:  "There is hereby created and established in and for the town of Berkeley, state of California, a court to be known as the justice's court of the town of Berkeley, which court shall consist of two justices of the peace, and the judicial power of the town shall be vested in said justice's court and such other courts as may be provided by law."

Under the decision of this court in the case of *People v. Toal*, 85 Cal. 333, the provision in the freeholders' charter for the creation of a justice's court in the town of Berkeley, and the election of justices therefor, was ineffective.  By virtue of the provision in section 8 of article XI of the constitution that, upon the approval by the legislature of a freeholders' charter "it shall become the charter of such city, and shall become the organic law thereof, and supersede any existing charter, and all amendments thereof, and all laws inconsistent with such charter," the charter of the town of Berkeley which was granted by the act of April 1, 1878, was superseded.  Hence the provision in that charter for justices of the peace and a justice's court ceased to exist or have any force after the freeholders' charter was adopted.  The contention of the petitioner that, inasmuch as the freeholders' charter could not create a court, it could not have the effect to

destroy one which was in existence, was fully considered in *Ex parte Sparks,* 120 Cal. 395, involving the effect of a provision in the charter of Sacramento, and was held not to be tenable. It was there said: "The old charter is not repealed because it is so enacted in the new charter, or because its provisions are inconsistent with those of the new charter. The new charter does not abrogate the old *ex proprio vigore,* but because the constitution declares that such consequence should follow. It is not the passage of an ordinary law, but the establishment of a government. The new is to take the place of the old, however dissimilar, and although some of the parts of the old charter have no corresponding provisions in the new, there is no presumption that anything is continued, for the new scheme is deemed complete in itself, and to provide all that is desired." The provision for the election of justices in the act of April 1, 1878, was a part of the charter of the town of Berkeley, and was by the terms of that act declared to be a part of the government of the town. It was not necessary that such provision should be made in the charter, but, having been placed there, it became a part of the charter, and fell with the other parts upon the legislative approval of the freeholders' charter.

The act of March 27, 1895, is special and local legislation, and is within the prohibition of the constitution. The act singles out the town of Berkeley from the rest of the state for which provision upon the subject involved in the act has been made by general laws, and purports to create a special tribunal whose jurisdiction is defined in the act itself.

The writ is denied.

Henshaw, J., Garoutte, J., and Temple, J., concurred.

Van Fleet, J., and Beatty, C. J., dissented.

McFARLAND, J., dissenting.—I dissent. In my opinion, that part of the act of April 1, 1878, incorporating the town of Berkeley, which creates the office of justice of the peace was not repealed by the freeholders' charter of February 26, 1895. It could not have been so repealed, because, as heretofore held, a freeholders' charter cannot deal at all with the judiciary; and, therefore, that part of the act of February 26th which creates the office of

justice of the peace could not be repealed except by a law, and "no law shall be passed except by bill," which must be signed by the governor, or, in the event of his veto, passed by two-thirds of the members of each house of the legislature. (Const., art. IV secs. 15 and 16.) The provision of section 8 of article XI, that a freeholders' charter shall supersede any existing charter, applies, in my opinion, only to those things which may be legally included in a freeholders' charter, and not to the judiciary. Nor, in my opinion, is the act of March 27, 1895, creating and establishing a justice's court in the town of Berkeley, unconstitutional. Justices of the peace, under article VI, section 1, are constitutional officers, and by section 11 of the same article the legislature is given the power to determine the number of justices to be elected in any township, city, or town; and the legislature is prohibited from passing local or special laws with respect to justices of the peace, only in the matter of "regulating the jurisdiction and duties" thereof. (Const., art. IV, sec. 25.) The said act of March 29, 1895, is therefore not unconstitutional, as being special or local, except so far, perhaps, as it undertakes to regulate the jurisdiction of the court; in other respects it is constitutional, and its jurisdiction would be derived from the general law on that subject.

In my opinion, the writ ought to issue.